1

2

3

4

5 **UNITED STATES DISTRICT COURT**

6 **DISTRICT OF NEVADA**

7

8 MICHAEL JOHN MOE,

9      Petitioner,                                    3:14-cv-00410-RCJ-WGC

10 vs.
                                                       **ORDER**
11 BRIAN E. WILLIAMS, SR., *et al.*,

12      Respondents.

13 _____/

14

15 Introduction

16      In this habeas corpus action, the respondents have filed a motion to dismiss.  The court will

17 grant that motion to dismiss in part and deny it in part.  The court finds several claims in the habeas

18 petition in this case to be unexhausted in state court.  The court will require the petitioner, Michael

19 John Moe, to make an election regarding his unexhausted claims.

20 Background

21      On May 22, 2009, Moe was convicted, in Nevada's Second Judicial District Court, pursuant

22 to a jury verdict, of one count of burglary.  *See* Judgment, Exhibit 39.  (The exhibits referred to in

23 this order were filed by respondents, and are located in the record at ECF Nos. 8, 9, 10, 11, 12, and

24 13.)  The burglary involved Moe entering a sporting goods store and shoplifting items from that

25 store.  Moe was adjudicated an habitual criminal and sentenced to 10 to 25 years in prison.  *See id*.

26

1    Moe appealed.  On appeal he raised two claims, neither of which included any assertion that

2  his federal constitutional rights had been violated.  *See* Fast Track Statement, Exhibit 53.  The

3  Nevada Supreme Court affirmed Moe's judgment of conviction on November 5, 2009.  *See* Order of

4  Affirmance, Exhibit 55.

5    On April 21, 2010, Moe filed a post-conviction petition for writ of habeas corpus in the state

6  district court.  *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 60.  After counsel

7  was appointed for him, Moe filed a supplemental petition on August 7, 2011.  *See* Supplemental

8  Petition for Writ of Habeas Corpus, Exhibit 88.  Moe subsequently amended his petition.

9  *See* Motion for Leave to Amend, Exhibit 109; Order Granting Motion for Leave to Amend, Exhibit

10  117.  On January 8, 2013, the state district court held an evidentiary hearing.  *See* Transcript of

11  Proceedings, January 8, 2013, Exhibit 121.  The state district court denied Moe's petition in a written

12  order on April 8, 2013.  *See* Findings of Fact, Conclusions of Law and Judgment, Exhibit 124.  Moe

13  appealed.  On appeal he asserted only claims of ineffective assistance of trial counsel.  *See* Fast

14  Track Statement, Exhibit 132.  On September 18, 2013, the Nevada Supreme Court affirmed the

15  denial of Moe's petition.  *See* Order of Affirmance, Exhibit 138.

16    This court received Moe's *pro se* federal habeas corpus petition on August 6, 2014.  *See*

17  Petition for Writ of Habeas Corpus (ECF No. 4).  Moe's federal habeas petition includes 44 grounds

18  for relief, some with several subparts.  *See id*.

19    On February 17, 2015, respondents filed a motion to dismiss, contending that all Moe's

20  claims are unexhausted in state court.  *See* Motion to Dismiss (ECF No. 7).  Respondents also

21  contend that all Moe's claims are conclusory and that some of his claims are not cognizable in a

22  federal habeas action.  *See id*.  Moe filed an opposition to the motion to dismiss on June 8, 2015

23  (ECF No. 18), and respondents filed a reply on June 17, 2015 (ECF No. 19).

24  Discussion

25    A federal court may not grant habeas corpus relief on a claim not exhausted in state court.

26  28 U.S.C. § 2254(b).  The exhaustion doctrine is based on the policy of federal-state comity, and is

2

1   intended to allow state courts the initial opportunity to correct constitutional deprivations.  *See*

2   *Picard v. Conner*, 404 U.S. 270, 275 (1971).  To exhaust a claim, a petitioner must fairly present the

3   claim to the highest state court, and must give that court the opportunity to address and resolve it.

4   *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Keeney v. Tamayo-Reyes*, 504 U.S. 1,

5   10 (1992).  A claim is fairly presented to the state's highest court if, before that court, the petitioner

6   describes the operative facts and legal theory upon which the claim is based.  *See Anderson v.*

7   *Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard*, 404 U.S. at 275; *Batchelor v. Cupp*, 693 F.2d

8   859, 862 (9th Cir. 1982).

9          The question of Moe' exhaustion of claims in state court is controlled by the claims that Moe

10  asserted on his direct appeal (*see* Fast Track Statement, Exhibit 53) and on the appeal in his state

11  habeas action (*see* Fast Track Statement, Exhibit 132).

12          Ground 1

13          In Ground 1 of his habeas corpus petition, Moe claims that his federal constitutional rights

14  were violated because law enforcement obtained statements from him without giving him a *Miranda*

15  warning, and without obtaining a voluntary, knowing and intelligent waiver of his constitutional

16  rights.  *See* Petition for Writ of Habeas Corpus (ECF No. 4).  Moe did not assert this claim on his

17  direct appeal.  *See* Fast Track Statement, Exhibit 53.  And, Moe did not assert this claim on the

18  appeal in his state habeas action.  *See* Fast Track Statement, Exhibit 132.  Ground 1 is unexhausted.

19          Ground 2

20          In Ground 2, Moe claims that his federal constitutional rights were violated "due to trial

21  court's error in admitting into evidence a statement by arresting officer which was filled with lies

22  and fabrications."  *See* Petition for Writ of Habeas Corpus.  Moe did not assert this claim on his

23  direct appeal.  *See* Fast Track Statement, Exhibit 53.  And, Moe did not assert this claim on the

24  appeal in his state habeas action.  *See* Fast Track Statement, Exhibit 132.  Ground 2 is unexhausted.

25

26

1
    Ground 3

2
       In Ground 3, Moe claims that his federal constitutional rights were violated because "[t]he

3
sentence of imprisonment of 10 to 25 years in Nevada State Prison for a burglary offense, which had

4
$0.00 loss, was an excessive, disproportionate, and cruel and unusual sentence." *See* Petition for

5
Writ of Habeas Corpus.  Moe did not assert this claim on his direct appeal.  *See* Fast Track

6
Statement, Exhibit 53.  And, Moe did not assert this claim on the appeal in his state habeas action.

7
*See* Fast Track Statement, Exhibit 132.  Ground 3 is unexhausted.

8
    Ground 4

9
       In Ground 4, Moe claims that his federal constitutional rights were violated because the State

10
failed to prove, beyond a reasonable doubt, that he committed burglary.  *See* Petition for Writ of

11
Habeas Corpus.  Moe did not assert this claim on his direct appeal.  *See* Fast Track Statement,

12
Exhibit 53.  And, Moe did not assert this claim on the appeal in his state habeas action.  *See* Fast

13
Track Statement, Exhibit 132.  Ground 4 is unexhausted.

14
    Ground 5

15
       In Ground 5, Moe claims that his federal constitutional rights were violated because Nevada

16
law permitted him to be convicted of burglary based solely on the "fabricated and uncorroborated

17
testimony" of the arresting officer.  *See* Petition for Writ of Habeas Corpus.  Moe did not assert this

18
claim on his direct appeal.  *See* Fast Track Statement, Exhibit 53.  And, Moe did not assert this claim

19
on the appeal in his state habeas action.  *See* Fast Track Statement, Exhibit 132.  Ground 5 is

20
unexhausted.

21
    Ground 6

22
       In Ground 6, Moe claims that his federal constitutional right to confront and cross-examine

23
the witnesses against him was violated because "the trial court allowed trial to proceed without the

24
State's witness, Burl Sutter." *See* Petition for Writ of Habeas Corpus.  Moe did not assert this claim

25
on his direct appeal.  *See* Fast Track Statement, Exhibit 53.  And, Moe did not assert this claim on

26

4

the appeal in his state habeas action.  *See* Fast Track Statement, Exhibit 132.  Ground 6 is

unexhausted.

Ground 7

In Ground 7, Moe claims that his federal constitutional rights were violated, on account of

ineffective assistance of his appellate counsel, because his appellate counsel failed to raise certain

issues on his direct appeal.  *See* Petition for Writ of Habeas Corpus.  Moe did not assert this claim on

his direct appeal.  *See* Fast Track Statement, Exhibit 53.  And, Moe did not assert this claim on

the appeal in his state habeas action.  *See* Fast Track Statement, Exhibit 132.  Ground 7 is

unexhausted.

Ground 8

In Ground 8, Moe claims that his federal constitutional rights were violated because the trial

court denied a challenge for cause regarding a potential juror.  *See* Petition for Writ of Habeas

Corpus.  On his direct appeal, Moe made a claim regarding the trial court's denial of the challenge to

the prospective juror.  *See* Fast Track Statement, Exhibit 53, pp. 4-8.  However, Moe did not claim

that his federal constitutional rights were violated.  *See id*.  Therefore, Moe did not exhaust this

claim.  *See Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir.2000) ("[T]he petitioner must make the

federal basis [of the claim] explicit either by citing federal law or the decisions of federal courts,

even if the federal basis of a claim is 'self-evident,' or the underlying claim would be decided under

state law on the same considerations that would control resolution of the claim on federal grounds."),

*as amended by* 247 F.3d 904 (9th Cir.2001).  Moe did not assert this claim on the appeal in his state

habeas action.  *See* Fast Track Statement, Exhibit 132.  Ground 8 is unexhausted.

Ground 9

In Ground 9, Moe claims that his federal constitutional rights were violated because of the

Nevada Supreme Court's unwillingness to conduct a fair and adequate appellate review.  *See*

 Petition for Writ of Habeas Corpus.  Moe did not assert this claim on his direct appeal.  *See* Fast

1  Track Statement, Exhibit 53.  And, Moe did not assert this claim on the appeal in his state habeas

2  action.  *See* Fast Track Statement, Exhibit 132.  Ground 9 is unexhausted.

3      Ground 10

4      In Ground 10, Moe claims that his federal constitutional rights were violated because "the

5  state court and district attorney ... sentenced and asked for habitual criminal status by using 3

6  misdemeanor convictions and 1 felony conviction that was uncounseled."  *See* Petition for Writ of

7  Habeas Corpus.  On his direct appeal, Moe made a claim regarding his sentencing as an habitual

8  criminal, but he did not there challenge the sentencing on the basis that any of his prior convictions

9  were "uncounseled," and, at any rate, he did not claim that his federal constitutional rights were

10  violated.  *See* Fast Track Statement, Exhibit 53, pp. 8-11.  Moe did not assert this claim on the

11  appeal in his state habeas action.  *See* Fast Track Statement, Exhibit 132.  Ground 10 is unexhausted.

12      Ground 11

13      In Ground 11, Moe claims that his federal constitutional rights were violated "due to the trial

14  court's abuse of discretion in denying a meaningful opportunity to present his defense by allowing

15  less than 16 mins. for a defense."  *See* Petition for Writ of Habeas Corpus.  Moe did not assert this

16  claim on his direct appeal.  *See* Fast Track Statement, Exhibit 53.  Nor did Moe present this federal

17  constitutional claim to the Nevada Supreme Court on the appeal in his state habeas action.  Ground

18  11 is unexhausted

19      Ground 12

20      In Ground 12, Moe claims that his federal constitutional rights were violated "because trial

21  court admitted a statement 'not' made by petitioner which was the result of Officer Robertson lying

22  to court, which was either by his own doing or brought about by a request by prosecuting attorney."

23  *See* Petition for Writ of Habeas Corpus.  Moe did not assert this claim on his direct appeal.  *See* Fast

24  Track Statement, Exhibit 53.  And, Moe did not assert this claim on the appeal in his state habeas

25  action.  *See* Fast Track Statement, Exhibit 132.  Ground 12 is unexhausted.

26

6

Ground 13

In Ground 13, Moe claims that his federal constitutional rights were violated because "[t]he state court ... enhanced the petitioner's burglary charge to habitual criminal status because of a Nevada law that allows for enhancement of a behavior or crime, which a person may have no control over because of medical reasons and not criminal reasons." *See* Petition for Writ of Habeas Corpus. Moe did not assert this claim on his direct appeal. *See* Fast Track Statement, Exhibit 53. And, Moe did not assert this claim on the appeal in his state habeas action. *See* Fast Track Statement, Exhibit 132. Ground 13 is unexhausted.

Ground 14

In Ground 14, Moe claims that his federal constitutional rights were violated because of the State's failure to properly preserve evidence. *See* Petition for Writ of Habeas Corpus. Moe did not assert this claim on his direct appeal. *See* Fast Track Statement, Exhibit 53. And, Moe did not assert this claim on the appeal in his state habeas action. *See* Fast Track Statement, Exhibit 132. Ground 14 is unexhausted.

Ground 15

In Ground 15, Moe claims that his federal constitutional rights were violated, as a result of ineffective assistance of his appellate counsel. *See* Petition for Writ of Habeas Corpus. Moe claims that his appellate counsel had a conflict of interest, and, as a result, did not raise, on Moe's direct appeal, any claims of ineffective assistance of trial counsel. Moe did not assert this claim before the Nevada Supreme Court. *See* Fast Track Statement, Exhibit 53; Fast Track Statement, Exhibit 132. Ground 15 is unexhausted.

Ground 16

In Ground 16, Moe claims that his federal constitutional rights were violated "due to the State's introduction of evidence of Burl Sutter's GPS box, even though Burl Sutter was never available for cross-examination." *See* Petition for Writ of Habeas Corpus. Moe did not assert this claim on his direct appeal. *See* Fast Track Statement, Exhibit 53. And, Moe did not assert this claim

7

1   on the appeal in his state habeas action.  *See* Fast Track Statement, Exhibit 132.  Ground 16 is

2   unexhausted.

3       Ground 17

4       In Ground 17, Moe claims that "[t]he GPS device and video games were admitted into

5   evidence in violation of the Fourth Amendment of the United States Constitution's prohibition

6   against unreasonable searches and seizures.  *See* Petition for Writ of Habeas Corpus.  Moe did not

7   assert this claim on his direct appeal.  *See* Fast Track Statement, Exhibit 53.  And, Moe did not assert

8   this claim on the appeal in his state habeas action.  *See* Fast Track Statement, Exhibit 132.  Ground

9   17 is unexhausted.

10      Ground 18

11      In Ground 18, Moe claims that he "is in custody in violation of his right to due process of law

12  under the Fifth and Fourteenth Amendments of the U.S. Constitution as the result of vindictive

13  prosecution, when an habitual criminal adjudication was sought by the prosecution, after trial was

14  complete and petitioner exercised his right to trial by jury."  *See* Petition for Writ of Habeas Corpus.

15  Moe did not assert this claim on his direct appeal.  *See* Fast Track Statement, Exhibit 53.  And, Moe

16  did not assert this claim on the appeal in his state habeas action.  *See* Fast Track Statement, Exhibit

17  132.  Ground 18 is unexhausted.

18      Ground 19

19      In Ground 19, Moe claims he "is in custody in violation of his right to due process of law

20  under the Fifth and Fourteenth Amendments of the U.S. Constitution when the trial court abused its

21  discretion in adjudicating petitioner an habitual criminal."  *See* Petition for Writ of Habeas Corpus.

22  Moe asserts that the trial court abused its discretion because his prior convictions were "stale and

23  remote," because one of his prior convictions was the result of a jury trial conducted without him

24  present, because all the prior convictions were for non-violent property crimes, and because "the

25  present offense had $0 loss."  *See id.*  On his direct appeal, Moe made a similar claim.  *See* Fast

26  Track Statement, Exhibit 53, pp. 8-11.  However, Moe did not claim that his federal constitutional

1    rights were violated.  *See id*.  Therefore, Moe did not exhaust this claim on his direct appeal.  *See*

2    *Lyons*, 232 F.3d at 670 ("[T]he petitioner must make the federal basis [of the claim] explicit either

3    by citing federal law or the decisions of federal courts, even if the federal basis of a claim is

4    'self-evident,' or the underlying claim would be decided under state law on the same considerations

5    that would control resolution of the claim on federal grounds."), *as amended by* 247 F.3d 904.  Moe

6    did not assert this claim on the appeal in his state habeas action.  *See* Fast Track Statement, Exhibit

7    132.  Ground 19 is unexhausted.

8         Ground 20

9         In Ground 20, Moe claims he "was denied his Sixth and Fourteenth Amendment rights to

10   effective assistance of counsel when counsel failed to conduct any pretrial investigation on State's

11   witnesses, and witnesses Petitioner requested to be investigated and called for trial."  *See* Petition for

12   Writ of Habeas Corpus.

13        The court finds that Moe exhausted this claim, in part, on the appeal in his state habeas

14   action.  On that appeal, Moe claimed that his trial counsel was ineffective for failure to investigate

15   witnesses Donnelly, Duncan, and Catron.  *See* Fast Track Statement, Exhibit 132, pp. 5-9.  To this

16   extent, the claim in Ground 20 is exhausted.  In all other respects, Ground 20 is unexhausted.

17        Ground 21

18        In Ground 21, Moe claims that his federal constitutional rights were violated "due to the

19   failure of the Washoe County public defender's office to provide him with resources necessary for

20   his defense."  *See* Petition for Writ of Habeas Corpus.  Moe did not assert this claim on his direct

21   appeal.  *See* Fast Track Statement, Exhibit 53.  And, Moe did not assert this claim on the appeal in

22   his state habeas action.  *See* Fast Track Statement, Exhibit 132.  Ground 21 is unexhausted.

23        Ground 22

24        In Ground 22, Moe claims that his federal constitutional rights were violated "because the

25   trial court was biased, prejudicial, and abused it's discretion and misconducted himself during

26   motion hearings, trial, and during sentencing."  *See* Petition for Writ of Habeas Corpus.  Moe did not

assert this claim on his direct appeal.  *See* Fast Track Statement, Exhibit 53.  And, Moe did not assert

this claim on the appeal in his state habeas action.  *See* Fast Track Statement, Exhibit 132.  Ground

22 is unexhausted.

Ground 23

In Ground 23, Moe claims that his federal constitutional rights were violated because of

prosecutorial misconduct.  *See* Petition for Writ of Habeas Corpus.  Ground 23 has 16 subparts,

designated A through P.  *See id*.  Moe did not assert any claim of prosecutorial misconduct on either

his direct appeal or his appeal in his state habeas action.  *See* Fast Track Statement, Exhibit 53; Fast

Track Statement, Exhibit 132.  Ground 23 is unexhausted.

Ground 24(2)

In Ground 24(2) (Ground 24 includes 31 subparts, numbered 2 through 32; there is no

Ground 24(1)), Moe claims that he was denied his federal constitutional right to effective assistance

of his trial counsel on account of his trial counsel's failure to call at least 5 witnesses petitioner told

him to call.  *See* Petition for Writ of Habeas Corpus.

The court finds that Moe exhausted this claim, in part, on the appeal in his state habeas

action.  On that appeal, Moe claimed that his trial counsel was ineffective for failing to prepare,

encourage, and subpoena Pam Metzger to testify.  *See* Fast Track Statement, Exhibit 132, pp. 12-14.

To this extent, the claim in Ground 24(2) is exhausted.  In all other respects, Ground 24(2) is

unexhausted.

Ground 24(3)

In Ground 24(3), Moe claims that he was denied his federal constitutional right to effective

assistance of his trial counsel on account of his trial counsel's failure "to call and allow petitioner to

testify in motion to suppress hearing and at trial."  *See* Petition for Writ of Habeas Corpus.

The court finds that Moe exhausted this claim, in part, on the appeal in his state habeas

action.  On that appeal, Moe claimed that his trial counsel was ineffective for failing to encourage

1   Moe to testify at trial.  *See* Fast Track Statement, Exhibit 132, pp. 10-12.  To this extent, the claim in

2   Ground 24(3) is exhausted.  In all other respects, Ground 24(3) is unexhausted.

3     Ground 24(4)

4     In Ground 24(4), Moe claims that he was denied his federal constitutional right to effective

5   assistance of his trial counsel on account of his trial counsel's failure "to object to prosecutorial

6   misconduct, judicial misconduct."  *See* Petition for Writ of Habeas Corpus.  Moe did not assert this

7   claim on either his direct appeal or his appeal in his state habeas action.  *See* Fast Track Statement,

8   Exhibit 53; Fast Track Statement, Exhibit 132.  Ground 24(4) is unexhausted.

9     Ground 24(5)

10    In Ground 24(5), Moe claims that he was denied his federal constitutional right to effective

11  assistance of his trial counsel on account of his trial counsel's failure "to object to speculative

12  testimony by Scott Catron and Jeffrey Duncan, along with speculative testimony by Officer

13  Robertson."  *See* Petition for Writ of Habeas Corpus.  Moe did not assert this claim on either his

14  direct appeal or his appeal in his state habeas action.  *See* Fast Track Statement, Exhibit 53; Fast

15  Track Statement, Exhibit 132.  Ground 24(5) is unexhausted.

16    Ground 24(6)

17    In Ground 24(6), Moe claims that he was denied his federal constitutional right to effective

18  assistance of his trial counsel on account of his trial counsel's failure "to object to the prosecutor's

19  constant leading in questions asked."  *See* Petition for Writ of Habeas Corpus.  Moe did not assert

20  this claim on either his direct appeal or his appeal in his state habeas action.  *See* Fast Track

21  Statement, Exhibit 53; Fast Track Statement, Exhibit 132.  Ground 24(6) is unexhausted.

22    Ground 24(7)

23    In Ground 24(7), Moe claims that he was denied his federal constitutional right to effective

24  assistance of his trial counsel on account of trial counsel's failure "to object to prosecutorial abuse

25  and misconduct during voir dire questioning, opening statement, during trial, and during closing

26  arguments."  *See* Petition for Writ of Habeas Corpus.  Moe did not assert this claim on either his

1  direct appeal or his appeal in his state habeas action.  *See* Fast Track Statement, Exhibit 53; Fast

2  Track Statement, Exhibit 132.  Ground 24(7) is unexhausted.

3    Ground 24(8)

4    In Ground 24(8), Moe claims that he was denied his federal constitutional right to effective

5  assistance of his trial counsel on account of trial counsel's failure "to instruct trial court to give jury

6  instruction #11, prior to the start, or during jury trial."  *See* Petition for Writ of Habeas Corpus.  Moe

7  did not assert this claim on either his direct appeal or his appeal in his state habeas action.  *See* Fast

8  Track Statement, Exhibit 53; Fast Track Statement, Exhibit 132.  Ground 24(8) is unexhausted.

9    Ground 24(9)

10    In Ground 24(9), Moe claims that he was denied his federal constitutional right to effective

11  assistance of his trial counsel on account of trial counsel's failure "to investigate any of State's

12  witnesses along with lying about availability of petitioner's witnesses."  *See* Petition for Writ of

13  Habeas Corpus.

14    The court finds that Moe exhausted this claim, in part, on the appeal in his state habeas

15  action.  On that appeal, Moe claimed that his trial counsel was ineffective for failing to investigate

16  witnesses Donnelly, Duncan, and Catron.  *See* Fast Track Statement, Exhibit 132, pp. 5-9.  To this

17  extent, the claim in Ground 24(9) is exhausted.  In all other respects, Ground 24(9) is unexhausted.

18    Ground 24(10)

19    In Ground 24(10), Moe claims that he was denied his federal constitutional right to effective

20  assistance of his trial counsel because "[t]rial counsel misrepresented petitioner at and during

21  preliminary hearing."  *See* Petition for Writ of Habeas Corpus.  Moe did not assert this claim on

22  either his direct appeal or his appeal in his state habeas action.  *See* Fast Track Statement, Exhibit 53;

23  Fast Track Statement, Exhibit 132.  Ground 24(10) is unexhausted.

24    Ground 24(11)

25    In Ground 24(11), Moe claims that he was denied his federal constitutional right to effective

26  assistance of his trial counsel because "[t]rial counsel offered fabricated and forged evidence to court

12

1  at preliminary hearing." *See* Petition for Writ of Habeas Corpus.  Moe did not assert this claim on

2  either his direct appeal or his appeal in his state habeas action.  *See* Fast Track Statement, Exhibit 53;

3  Fast Track Statement, Exhibit 132.  Ground 24(11) is unexhausted.

4        Ground 24(12)

5        In Ground 24(12), Moe claims that he was denied his federal constitutional right to effective

6  assistance of his trial counsel because "[t]rial counsel attempted at [every] meeting and through

7  letters to coerce me, petitioner, into taking a deal." *See* Petition for Writ of Habeas Corpus.  Moe did

8  not assert this claim on either his direct appeal or his appeal in his state habeas action.  *See* Fast

9  Track Statement, Exhibit 53; Fast Track Statement, Exhibit 132.  Ground 24(12) is unexhausted.

10       Ground 24(13)

11       In Ground 24(13), Moe claims that he was denied his federal constitutional right to effective

12 assistance of his trial counsel because "[t]rial counsel failed, to the point of abuse, to follow and

13 carry out [jury instruction number 11] during trial." *See* Petition for Writ of Habeas Corpus.  Moe

14 did not assert this claim on either his direct appeal or his appeal in his state habeas action.  *See* Fast

15 Track Statement, Exhibit 53; Fast Track Statement, Exhibit 132.  Ground 24(13) is unexhausted.

16       Ground 24(14)

17       In Ground 24(14), Moe claims that he was denied his federal constitutional right to effective

18 assistance of his trial counsel because "[t]rial counsel failed to ask for a lesser included offense in

19 jury instruction." *See* Petition for Writ of Habeas Corpus.  Moe did not assert this claim on either his

20 direct appeal or his appeal in his state habeas action.  *See* Fast Track Statement, Exhibit 53; Fast

21 Track Statement, Exhibit 132.  Ground 24(14) is unexhausted.

22       Ground 24(15)

23       In Ground 24(15), Moe claims that he was denied his federal constitutional right to effective

24 assistance of his trial counsel because "[t]rial counsel purposely violated [HIPAA] during

25 sentencing." *See* Petition for Writ of Habeas Corpus.  Moe did not assert this claim on either his

26

13

1  direct appeal or his appeal in his state habeas action.  *See* Fast Track Statement, Exhibit 53; Fast

2  Track Statement, Exhibit 132.  Ground 24(15) is unexhausted.

3       Ground 24(16)

4       In Ground 24(16), Moe claims that he was denied his federal constitutional right to effective

5  assistance of his trial counsel because "[t]rial counsel failed to present evidence at motion to

6  suppress hearing, at trial, and during sentencing."  *See* Petition for Writ of Habeas Corpus.

7       The court finds that Moe exhausted this claim, in part, on the appeal in his state habeas

8  action.  On that appeal, Moe claimed that his trial counsel was ineffective for failing to offer at trial,

9  as evidence, "the advertisement flyer showing sale jackets from Cabela's store and [the receipt from]

10 Metzger's gambling tournament at Boomtown."  *See* Fast Track Statement, Exhibit 132, p. 14.  To

11 this extent, the claim in Ground 24(16) is exhausted.  In all other respects, Ground 24(16) is

12 unexhausted.

13      Ground 24(17)

14      In Ground 24(17), Moe claims that he was denied his federal constitutional right to effective

15 assistance of his trial counsel because "[t]rial counsel attempted ... to coerce petitioner into not filing

16 an appeal on this case."  *See* Petition for Writ of Habeas Corpus.  Moe did not assert this claim on

17 either his direct appeal or his appeal in his state habeas action.  *See* Fast Track Statement, Exhibit 53;

18 Fast Track Statement, Exhibit 132.  Ground 24(17) is unexhausted.

19      Ground 24(18)

20      In Ground 24(18), Moe claims that he was denied his federal constitutional right to effective

21 assistance of his trial counsel because "[t]rial counsel failed to object to the exclusion of the State's

22 witness Burl Sutter during trial."  *See* Petition for Writ of Habeas Corpus.  Moe did not assert this

23 claim on either his direct appeal or his appeal in his state habeas action.  *See* Fast Track Statement,

24 Exhibit 53; Fast Track Statement, Exhibit 132.  Ground 24(18) is unexhausted.

25

26

Ground 24(19)

In Ground 24(19), Moe claims that he was denied his federal constitutional right to effective assistance of his trial counsel because "[t]rial counsel was psychologically unfit to be a lawyer and represent me during trial." *See* Petition for Writ of Habeas Corpus.  Moe did not assert this claim on either his direct appeal or his appeal in his state habeas action.  *See* Fast Track Statement, Exhibit 53; Fast Track Statement, Exhibit 132.  Ground 24(19) is unexhausted.

Ground 24(20)

In Ground 24(20), Moe claims that he was denied his federal constitutional right to effective assistance of his trial counsel because "[t]rial counsel failed to object to inadmissible evidence during trial and during sentencing." *See* Petition for Writ of Habeas Corpus.  Moe did not assert this claim on either his direct appeal or his appeal in his state habeas action.  *See* Fast Track Statement, Exhibit 53; Fast Track Statement, Exhibit 132.  Ground 24(20) is unexhausted.

Ground 24(21)

In Ground 24(21), Moe claims that he was denied his federal constitutional right to effective assistance of his trial counsel because "[t]rial counsel failed to adequately review and investigate defendant's case." *See* Petition for Writ of Habeas Corpus.

The court finds that Moe exhausted this claim, in part, on the appeal in his state habeas action.  On that appeal, Moe claimed that his trial counsel was ineffective for failing to "investigate the prosecutor's hearsay remarks regarding Game Stop contacting Cabela's about Pam Metger selling videotapes stolen by Moe." *See* Fast Track Statement, Exhibit 132, pp. 20-21.  To this extent, the claim in Ground 24(21) is exhausted.  In all other respects, Ground 24(21) is unexhausted.

Ground 24(22)

In Ground 24(22), Moe claims that he was denied his federal constitutional right to effective assistance of his trial counsel because "[t]rial counsel failed to present evidence and to object to evidence during sentencing that would of made habitual sentence improper sentence." *See* Petition for Writ of Habeas Corpus.

1   The court finds that Moe exhausted this claim, in part, on the appeal in his state habeas

2   action.  On that appeal, Moe claimed that his trial counsel was ineffective for failing to object to "the

3   prosecutor's hearsay remarks regarding Game Stop contacting Cabela's about Pam Metger selling

4   videotapes stolen by Moe."  *See* Fast Track Statement, Exhibit 132, pp. 20-21.  Also, on that appeal,

5   Moe claimed that his trial counsel was ineffective for failing to offer evidence at the sentencing that

6   one of his prior convictions was the result of a trial at which he was not present.  *See id*. at 21.  In

7   these respects, the claim in Ground 24(22) is exhausted.  In all other respects, Ground 24(22) is

8   unexhausted.

9       Ground 24(23)

10  In Ground 24(23), Moe claims that he was denied his federal constitutional right to effective

11  assistance of his trial counsel because "[t]rial counsel failed to object to improper statements by

12  prosecuting attorney during voir dire questioning, trial, and sentencing."  *See* Petition for Writ of

13  Habeas Corpus.

14  The court finds that Moe exhausted this claim, in part, on the appeal in his state habeas

15  action.  On that appeal, Moe claimed that his trial counsel was ineffective for failing to object to "the

16  prosecutor's hearsay remarks regarding Game Stop contacting Cabela's about Pam Metger selling

17  videotapes stolen by Moe."  *See* Fast Track Statement, Exhibit 132, pp. 20-21.  To that extent, the

18  claim in Ground 24(23) is exhausted.  In all other respects, Ground 24(23) is unexhausted.

19      Ground 24(24)

20  In Ground 24(24), Moe claims that he was denied his federal constitutional right to effective

21  assistance of his trial counsel because "[t]rial counsel failed to object to improper commentary by

22  prosecuting attorney during opening statements, and during closing arguments, and during

23  sentencing."  *See* Petition for Writ of Habeas Corpus.

24  Here again, the court finds that Moe exhausted this claim, in part, on the appeal in his state

25  habeas action.  On that appeal, Moe claimed that his trial counsel was ineffective for failing to object

26  to "the prosecutor's hearsay remarks regarding Game Stop contacting Cabela's about Pam Metger

16

selling videotapes stolen by Moe." *See* Fast Track Statement, Exhibit 132, pp. 20-21.  To that extent, the claim in Ground 24(24) is exhausted.  In all other respects, Ground 24(24) is unexhausted.

Ground 24(25)

In Ground 24(25), Moe claims that he was denied his federal constitutional right to effective assistance of his trial counsel because "[t]rial counsel failed to object to testimony that was the result of an absent *Miranda* rights warning."  *See* Petition for Writ of Habeas Corpus.  Moe did not assert this claim on either his direct appeal or his appeal in his state habeas action.  *See* Fast Track Statement, Exhibit 53; Fast Track Statement, Exhibit 132.  Ground 24(25) is unexhausted.

Ground 24(26)

In Ground 24(26), Moe claims that he was denied his federal constitutional right to effective assistance of his trial counsel because "[t]rial counsel failed to object to judicial misconduct and judicial abuse of discretion during motion to suppress hearing, trial, and during sentencing."  *See* Petition for Writ of Habeas Corpus.

The court finds that Moe exhausted this claim, in part, on the appeal in his state habeas action.  On that appeal, Moe claimed that his trial counsel was ineffective for failing to object "when the court ordered there were sixteen minutes left to finish the jury trial after the State's case."  *See* Fast Track Statement, Exhibit 132, pp. 9-10.  To that extent, the claim in Ground 24(26) is exhausted.  In all other respects, Ground 24(26) is unexhausted.

Ground 24(27)

In Ground 24(27), Moe claims that he was denied his federal constitutional right to effective assistance of his trial counsel because "[t]rial counsel failed to adequately cross-examine State's witnesses."  *See* Petition for Writ of Habeas Corpus.  Moe bases this claim on his counsel's alleged failure to adequately cross-examine Officer Robertson.  *See id*.  Moe did not assert this claim on either his direct appeal or his appeal in his state habeas action.  *See* Fast Track Statement, Exhibit 53; Fast Track Statement, Exhibit 132.  Ground 24(27) is unexhausted.

1      <u>Ground 24(28)</u>

2          In Ground 24(28), Moe claims that he was denied his federal constitutional right to effective

3  assistance of his trial counsel because "[t]rial counsel failed in calling Evo Novak as defense witness

4  [and Novak] testified in State's favor." *See* Petition for Writ of Habeas Corpus.  Moe did not assert

5  this claim on either his direct appeal or his appeal in his state habeas action.  *See* Fast Track

6  Statement, Exhibit 53; Fast Track Statement, Exhibit 132.  Ground 24(28) is unexhausted.

7      <u>Ground 24(29)</u>

8          In Ground 24(29), Moe claims that he was denied his federal constitutional right to effective

9  assistance of his trial counsel because "[t]rial counsel failed in having Evo Novak investigate

10  petitioner's case and testify, since Evo Novak is [an] ex-cop." *See* Petition for Writ of Habeas

11  Corpus.  Moe did not assert this claim on either his direct appeal or his appeal in his state habeas

12  action.  *See* Fast Track Statement, Exhibit 53; Fast Track Statement, Exhibit 132.  Ground 24(29) is

13  unexhausted.

14      <u>Ground 24(30)</u>

15          In Ground 24(30), Moe claims that he was denied his federal constitutional right to effective

16  assistance of his trial counsel because "[t]rial counsel failed to adequately prepare for direct-

17  examination and cross-examination." *See* Petition for Writ of Habeas Corpus.  As supporting facts

18  for this claim, Moe states:

19              [Trial counsel] was not ready for anything in this case and since his only
          position is really a go-between for the court and D.A. to get a satisfactory deal, it was

20          obvious [trial counsel] was going to be a joke at trial.  For the court to say "[trial
          counsel] did a good job" was appropriate to the go-between behavior [trial counsel]

21          did exhibit during this whole process.  Was also appropriate for a conviction I was not
          guilty of.

22

23  *Id*.  Moe did not assert this claim on either his direct appeal or his appeal in his state habeas action.

24  *See* Fast Track Statement, Exhibit 53; Fast Track Statement, Exhibit 132.  Ground 24(30) is

25  unexhausted.

26

Ground 24(31)

In Ground 24(31), Moe claims that he was denied his federal constitutional right to effective assistance of his trial counsel because "[t]rial counsel failed to object to legality of the search of petitioner's person." *See* Petition for Writ of Habeas Corpus.  Moe did not assert this claim on either his direct appeal or his appeal in his state habeas action.  *See* Fast Track Statement, Exhibit 53; Fast Track Statement, Exhibit 132.  Ground 24(31) is unexhausted.

Ground 24(32)

In Ground 24(32), Moe claims that he was denied his federal constitutional right to effective assistance of his trial counsel because "[t]rial counsel failed to call impeachment witnesses and failed to offer impeachment evidence to impeach the complaining witnesses." *See* Petition for Writ of Habeas Corpus.

The court finds that Moe exhausted this claim, in part, on the appeal in his state habeas action.  On that appeal, Moe claimed that his trial counsel "should have played the videotape from Cabela's security office to impeach Officer David Robertson's supplemental report," and should have cross-examined Donnelly, Duncan, and Catron.  *See* Fast Track Statement, Exhibit 132, pp. 5-9.  To that extent, the claim in Ground 24(32) is exhausted.  In all other respects, Ground 24(32) is unexhausted.

Ground 25

In Ground 25, Moe claims that his federal constitutional rights were violated as a result of cumulative error.  *See* Petition for Writ of Habeas Corpus.  This claim is exhausted to the extent of Moe's other exhausted claims.

Ground 26

In Ground 26, Moe claims that NRS 171.1965 is unconstitutional.  *See* Petition for Writ of Habeas Corpus.  Moe did not assert this claim on either his direct appeal or his appeal in his state habeas action.  *See* Fast Track Statement, Exhibit 53; Fast Track Statement, Exhibit 132.  Ground 26 is unexhausted.

<u>Ground 27</u>

In Ground 27, Moe claims that his federal constitutional rights were violated "due to the failure to provide him a pre

liminary hearing as provided by law."  *See* Petition for Writ of Habeas Corpus.  Moe did not assert this claim on either his direct appeal or his appeal in his state habeas action.  *See* Fast Track Statement, Exhibit 53; Fast Track Statement, Exhibit 132.  Ground 27 is unexhausted.

<u>Ground 28</u>

In Ground 28, Moe claims that his federal constitutional rights were violated "due to the fact that jury instructions #3, #5, #7, #8, #10, #11, #13, #16, #17, #18, and #19 should of been given to the jury prior to beginning of the trial."  *See* Petition for Writ of Habeas Corpus.  Moe did not assert this claim on either his direct appeal or his appeal in his state habeas action.  *See* Fast Track Statement, Exhibit 53; Fast Track Statement, Exhibit 132.  Ground 28 is unexhausted.

<u>Ground 29</u>

In Ground 29, Moe claims that his federal constitutional rights were violated "because jury instruction #22 erroneously states 'burglary is complete when a building is entered with the specific intent to commit larceny therein,['] also erroneously states 'larceny is the unlawful stealing.'"  *See* Petition for Writ of Habeas Corpus.  Moe did not assert this claim on either his direct appeal or his appeal in his state habeas action.  *See* Fast Track Statement, Exhibit 53; Fast Track Statement, Exhibit 132.  Ground 29 is unexhausted.

<u>Ground 30</u>

In Ground 30, Moe claims that his federal constitutional rights were violated "because the burglary statute in Nevada is unconstitutional on its face, by inappropriately defining burglary beyond [its] definition found in appropriate dictionaries."  *See* Petition for Writ of Habeas Corpus. Moe did not assert this claim on either his direct appeal or his appeal in his state habeas action.  *See* Fast Track Statement, Exhibit 53; Fast Track Statement, Exhibit 132.  Ground 30 is unexhausted.

Ground 31

In Ground 31, Moe claims that his federal constitutional rights were violated "due to the lack of a complete and adequate record, which prevented petitioner an effective confrontation of the State's witnesses and rendered an inappropriate appellate review of his conviction and sentence fundamentally unfair." *See* Petition for Writ of Habeas Corpus. Moe did not assert this claim on either his direct appeal or his appeal in his state habeas action. *See* Fast Track Statement, Exhibit 53; Fast Track Statement, Exhibit 132. Ground 31 is unexhausted.

Ground 32

In Ground 32, Moe claims that his "sentencing as an habitual criminal was unconstitutional because it denied him his due process rights, equal protection of laws, and twice put petitioner in jeopardy of life or limb, by sentencing [him] to second sentence for crimes [he] had already served a punishment." *See* Petition for Writ of Habeas Corpus. Moe did not assert this claim on either his direct appeal or his appeal in his state habeas action. *See* Fast Track Statement, Exhibit 53; Fast Track Statement, Exhibit 132. Ground 32 is unexhausted.

Ground 33

In Ground 33, Moe claims that his federal constitutional rights were violated because, in sentencing him, the trial court considered crimes committed outside its jurisdiction. *See* Petition for Writ of Habeas Corpus. Moe did not assert this claim on either his direct appeal or his appeal in his state habeas action. *See* Fast Track Statement, Exhibit 53; Fast Track Statement, Exhibit 132. Ground 33 is unexhausted.

Ground 34

In Ground 34, Moe claims that his federal constitutional rights were violated because of "[t]he trial court's refusal to grant petitioner's motion to suppress and trial court's prejudicial and biased ruling on [photos] and GPS device during trial." *See* Petition for Writ of Habeas Corpus. Moe did not assert this claim on either his direct appeal or his appeal in his state habeas action. *See* Fast Track Statement, Exhibit 53; Fast Track Statement, Exhibit 132. Ground 34 is unexhausted.

<u>Ground 35</u>

In Ground 35, Moe claims that his federal constitutional rights were violated because of repeated use of the word "shoplifting" during trial by the prosecutor, defense counsel, and witnesses. *See* Petition for Writ of Habeas Corpus.  Moe did not assert this claim on either his direct appeal or his appeal in his state habeas action.  *See* Fast Track Statement, Exhibit 53; Fast Track Statement, Exhibit 132.  Ground 35 is unexhausted.

<u>Ground 36</u>

In Ground 36, Moe claims that his federal constitutional rights were violated because of "[t]he trial court's minimizing prosecutor misconduct on video tape comment."  *See* Petition for Writ of Habeas Corpus.  Moe did not assert this claim on either his direct appeal or his appeal in his state habeas action.  *See* Fast Track Statement, Exhibit 53; Fast Track Statement, Exhibit 132.  Ground 36 is unexhausted.

<u>Ground 37</u>

In Ground 37, Moe claims that his federal constitutional rights were violated "due to ... [an] effort by trial court, district attorney, and trial counsel to keep this trial one day only."  *See* Petition for Writ of Habeas Corpus.  Moe did not assert this claim on either his direct appeal or his appeal in his state habeas action.  *See* Fast Track Statement, Exhibit 53; Fast Track Statement, Exhibit 132.  Ground 37 is unexhausted.

<u>Ground 38</u>

In Ground 38, Moe claims that his "sentence to a term of 10 to 25 years was an excessive, disproportionate sentence that constituted cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution and his right to equal protection of the law under the Fifth and Fourteenth Amendments."  *See* Petition for Writ of Habeas Corpus.  Moe did not assert this claim on either his direct appeal or his appeal in his state habeas action.  *See* Fast Track Statement, Exhibit 53; Fast Track Statement, Exhibit 132.  Ground 38 is unexhausted.

1      <u>Ground 39</u>

2      In Ground 39, Moe claims that his federal constitutional rights were violated "because trial

3  counsel failed to point out that $0.00 loss failed to meet the larceny threshold of less than $250 for

4  petit larceny, or more that $250 for grand larceny." *See* Petition for Writ of Habeas Corpus. Moe

5  did not assert this claim on either his direct appeal or his appeal in his state habeas action. *See* Fast

6  Track Statement, Exhibit 53; Fast Track Statement, Exhibit 132. Ground 39 is unexhausted.

7      <u>Ground 40</u>

8      In Ground 40, Moe claims that his federal constitutional rights were violated "due to trial

9  counsel's failure to instruct trial court to instruct or give instructions on a lesser crime." *See* Petition

10  for Writ of Habeas Corpus. Moe did not assert this claim on either his direct appeal or his appeal in

11  his state habeas action. *See* Fast Track Statement, Exhibit 53; Fast Track Statement, Exhibit 132.

12  Ground 40 is unexhausted.

13      <u>Ground 41</u>

14      In Ground 41, Moe claims that his federal constitutional rights were violated "because jury

15  instruction #9 is unconstitutional and allowed the trial court to proceed with trial without the

16  availability of Burl Sutter." *See* Petition for Writ of Habeas Corpus. Moe did not assert this claim

17  on either his direct appeal or his appeal in his state habeas action. *See* Fast Track Statement, Exhibit

18  53; Fast Track Statement, Exhibit 132. Ground 41 is unexhausted.

19      <u>Ground 42</u>

20      In Ground 42, Moe claims that his federal constitutional rights were violated "because of

21  prosecutorial misconduct introducing evidence that is of a *Brady* violation, along with a ... judicial

22  abuse of discretion, when trial court admitted *Brady* violation evidence during trial in order to

23  achieve a biased and prejudicial verdict against petitioner." *See* Petition for Writ of Habeas Corpus.

24  Moe did not assert this claim on either his direct appeal or his appeal in his state habeas action. *See*

25  Fast Track Statement, Exhibit 53; Fast Track Statement, Exhibit 132. Ground 42 is unexhausted.

26

1    Ground 43

2        In Ground 43, Moe claims that his federal constitutional rights were violated "due to trial

3    court's abuse of discretion sentencing petitioner to habitual criminal status due to past conviction[s]

4    that are remote in time, all non-violent offenses, and trivial in nature; also, the sentence was a

5    reflection of petitioner exercising petitioner's right to trial by jury." *See* Petition for Writ of Habeas

6    Corpus.  Moe did not assert this claim on either his direct appeal or his appeal in his state habeas

7    action. *See* Fast Track Statement, Exhibit 53; Fast Track Statement, Exhibit 132.  On his direct

8    appeal, Moe did argue that the imposition of an habitual criminal sentence was an abuse of

9    discretion; however, Moe did not claim a federal constitutional violation. *See* Fast Track Statement,

10   Exhibit 53.  Ground 43 is unexhausted.

11   Ground 44

12       In Ground 44, Moe claims that he was denied his federal constitutional right to effective

13   assistance of his trial counsel because his counsel was ineffective in his state post-conviction

14   proceedings. *See* Petition for Writ of Habeas Corpus.  Moe did not assert this claim on either his

15   direct appeal or his appeal in his state habeas action. *See* Fast Track Statement, Exhibit 53; Fast

16   Track Statement, Exhibit 132.  Ground 44 is unexhausted.

17   Summary Regarding Exhaustion of Claims

18       The court, therefore, finds that Moe's habeas corpus petition is mixed, in that it contains both

19   exhausted and unexhausted claims.  The following claims in Moe's habeas petition are exhausted:

20       Ground 20 (to the extent based on trial counsel's alleged failure to investigate
         witnesses Donnelly, Duncan and Catron);

21

22       Ground 24(2) (to the extent based on trial counsel's alleged failure to call Pam
         Metzger to testify);

23       Ground 24(3) (to the extent based on trial counsel's alleged failure to encourage Moe
         to testify at trial);

24

25       Ground 24(9) (to the extent based on trial counsel's alleged failure to investigate
         witnesses Donnelly, Duncan and Catron);

26

                                                  24

Ground 24(16) (to the extent based on trial counsel's alleged failure to offer at trial, as evidence, "the advertisement flyer showing sale jackets from Cabela's store and [the receipt from] Metzger's gambling tournament at Boomtown");

Ground 24(21) (to the extent based on trial counsel's alleged failure to "investigate the prosecutor's hearsay remarks regarding Game Stop contacting Cabela's about Pam Metger selling videotapes stolen by Moe");

Ground 24(22) (to the extent based on trial counsel's alleged failure to object to "the prosecutor's hearsay remarks regarding Game Stop contacting Cabela's about Pam Metger selling videotapes stolen by Moe," and to offer evidence that one of his prior convictions was the result of a trial at which he was not present);

Ground 24(23) (to the extent based on trial counsel's alleged failure to object to "the prosecutor's hearsay remarks regarding Game Stop contacting Cabela's about Pam Metger selling videotapes stolen by Moe");

Ground 24(24) (to the extent based on trial counsel's alleged failure to object to "the prosecutor's hearsay remarks regarding Game Stop contacting Cabela's about Pam Metger selling videotapes stolen by Moe");

Ground 24(26) (to the extent based on trial counsel's alleged failure to object "when the court ordered there were sixteen minutes left to finish the jury trial after the State's case");

Ground 24(32) (to the extent based on trial counsel's alleged failure to play "the videotape from Cabela's security office to impeach Officer David Robertson's supplemental report," and to cross-examine Donnelly, Duncan, and Catron); and

Ground 25 (to the extent of Moe's other exhausted claims)

The following claims in Moe's habeas petition are unexhausted:  Grounds 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20 (except to the extent based on trial counsel's alleged failure to investigate witnesses Donnelly, Duncan and Catron), 21, 22, 23, 24(2) (except to the extent based on trial counsel's alleged failure to call Pam Metzger to testify), 24(3) (except to the extent based on trial counsel's alleged failure to encourage Moe to testify at trial), 24(4), 24(5), 24(6), 24(7), 24(8), 24(9) (except to the extent based on trial counsel's alleged failure to investigate witnesses Donnelly, Duncan and Catron), 24(10), 24(11), 24(12), 24(13), 24(14), 24(15), 24(16) (except to the extent based on trial counsel's alleged failure to offer at trial, as evidence, "the advertisement flyer showing sale jackets from Cabela's store and [the receipt from] Metzger's gambling tournament at Boomtown"), 24(17), 24(18), 24(19), 24(20), 24(21) (except to the extent based on trial counsel's

alleged failure to "investigate the prosecutor's hearsay remarks regarding Game Stop contacting Cabela's about Pam Metger selling videotapes stolen by Moe"), 24(22) (except to the extent based on trial counsel's alleged failure to object to "the prosecutor's hearsay remarks regarding Game Stop contacting Cabela's about Pam Metger selling videotapes stolen by Moe," and to offer evidence that one of his prior convictions was the result of a trial at which he was not present), 24(23) (except to the extent based on trial counsel's alleged failure to object to "the prosecutor's hearsay remarks regarding Game Stop contacting Cabela's about Pam Metger selling videotapes stolen by Moe"), 24(24) (except to the extent based on trial counsel's alleged failure to object to "the prosecutor's hearsay remarks regarding Game Stop contacting Cabela's about Pam Metger selling videotapes stolen by Moe"), 24(25), 24(26) (except to the extent based on trial counsel's alleged failure to object "when the court ordered there were sixteen minutes left to finish the jury trial after the State's case"), 24(27), 24(28), 24(29), 24(30), 24(31), Ground 24(32) (except to the extent based on trial counsel's alleged failure to play "the videotape from Cabela's security office to impeach Officer David Robertson's supplemental report," and to cross-examine Donnelly, Duncan, and Catron), 25 (except to the extent of Moe's exhausted claims), 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, and 44.

Respondents' Other Arguments

Respondents argue in their motion to dismiss that all Moe's claims are conclusory, and that some of Moe's claims are not cognizable in this federal habeas corpus action. *See* Motion to Dismiss, pp. 6-8, 20-36.  The court finds that these arguments will be better addressed in conjunction with consideration of the merits of Moe's claims.  Therefore, if and when respondents are called upon to answer Moe's claims with respect to their merits, respondents may assert these arguments in their answer, and the court will consider them at that time.

Moe's Election

The court will require Moe to make an election with respect to his unexhausted claims.  With respect to his unexhausted claims, Moe must elect one of the following:  (1) file a declaration stating

that he wishes to abandon his unexhausted claims, and proceed, in this action, with the litigation of

his exhausted claims; (2) file a motion for a stay, under *Rhines v. Weber*, 544 U.S. 269 (2005),

requesting a stay of this action while he exhausts his unexhausted claims in state court; or

(3) voluntarily dismiss this entire action, without prejudice.  The court will set a schedule for Moe to

make that election.

Moe is warned that, if he does not make his election, as required, within the time allowed,

the court will dismiss his entire petition, "without prejudice," pursuant to *Rose v. Lundy*, 455 U.S.

509 (1982).

Moe is further warned that if his action is dismissed in its entirety "without prejudice," either

because he elects such dismissal or because he does not make an election within the time allowed,

he may be barred by the statute of limitations from ever initiating any subsequent federal habeas

corpus action.  That is because -- unless there is some form of tolling available to Moe that is not

now apparent to the court from the record -- the limitations period imposed by 28 U.S.C. § 2244(d)

has likely run out during the pendency of this action.  A federal habeas corpus petition does not toll

the statute of limitations relative to a subsequent federal habeas action.  *See Duncan v. Walker*, 533

U.S. 167, 181-82 (2001) (holding that "an application for federal habeas corpus review is not an

'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C.

§ 2244(d)(2).").

If Moe elects to file a motion for stay, he must make a showing in such motion that a stay is

warranted under *Rhines*.  In *Rhines*, the Supreme Court circumscribed the discretion of federal

district courts to impose stays to facilitate habeas petitioners' exhaustion of claims in state court.

The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances.  Because
> granting a stay effectively excuses a petitioner's failure to present his claims first to
> the state courts, stay and abeyance is only appropriate when the district court
> determines there was good cause for the petitioner's failure to exhaust his claims first
> in state court.  Moreover, even if a petitioner had good cause for that failure, the
> district court would abuse its discretion if it were to grant him a stay when his
> unexhausted claims are plainly meritless.  *Cf.* 28 U.S.C. § 2254(b)(2) ("An application

1    for a writ of habeas corpus may be denied on the merits, notwithstanding the failure
     of the applicant to exhaust the remedies available in the courts of the State").
2

3                                    *    *    *

4    [I]t likely would be an abuse of discretion for a district court to deny a stay and to
     dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his
5    unexhausted claims are potentially meritorious, and there is no indication that the
     petitioner engaged in intentionally dilatory litigation tactics.  In such circumstances,
6    the district court should stay, rather than dismiss, the mixed petition.

7    *Rhines*, 544 U.S. at 277-78.  In short, in a motion for stay, Jones must show (1) that there was good

8    cause for his failure to exhaust his unexhausted claims, (2) that his unexhausted claims are not

9    plainly meritless, and (3) that he has not engaged in intentionally dilatory litigation tactics.

10          **IT IS THEREFORE ORDERED** that respondents' Motion to Dismiss Petition for Writ of

11   Habeas Corpus (Doc. 8) is **GRANTED IN PART AND DENIED IN PART**.  The court finds the

12   following claims in petitioner's habeas petition to be exhausted:

13        Ground 20 (to the extent based on trial counsel's alleged failure to investigate
          witnesses Donnelly, Duncan and Catron);
14
15        Ground 24(2) (to the extent based on trial counsel's alleged failure to call Pam
          Metzger to testify);

16        Ground 24(3) (to the extent based on trial counsel's alleged failure to encourage Moe
          to testify at trial);
17
18        Ground 24(9) (to the extent based on trial counsel's alleged failure to investigate
          witnesses Donnelly, Duncan and Catron);

19        Ground 24(16) (to the extent based on trial counsel's alleged failure to offer at trial,
          as evidence, "the advertisement flyer showing sale jackets from Cabela's store and
20        [the receipt from] Metzger's gambling tournament at Boomtown");

21        Ground 24(21) (to the extent based on trial counsel's alleged failure to "investigate
          the prosecutor's hearsay remarks regarding Game Stop contacting Cabela's about
22        Pam Metger selling videotapes stolen by Moe");

23        Ground 24(22) (to the extent based on trial counsel's alleged failure to object to "the
          prosecutor's hearsay remarks regarding Game Stop contacting Cabela's about Pam
24        Metger selling videotapes stolen by Moe," and to offer evidence that one of his prior
          convictions was the result of a trial at which he was not present);
25
          Ground 24(23) (to the extent based on trial counsel's alleged failure to object to "the
26        prosecutor's hearsay remarks regarding Game Stop contacting Cabela's about Pam
          Metger selling videotapes stolen by Moe");

                                          28

1    Ground 24(24) (to the extent based on trial counsel's alleged failure to object to "the
     prosecutor's hearsay remarks regarding Game Stop contacting Cabela's about Pam
2    Metger selling videotapes stolen by Moe");

3    Ground 24(26) (to the extent based on trial counsel's alleged failure to object "when
     the court ordered there were sixteen minutes left to finish the jury trial after the
4    State's case");

5    Ground 24(32) (to the extent based on trial counsel's alleged failure to play "the
     videotape from Cabela's security office to impeach Officer David Robertson's
6    supplemental report," and to cross-examine Donnelly, Duncan, and Catron); and

7    Ground 25 (to the extent of Moe's other exhausted claims)

8    The court finds the following claims in petitioner's habeas petition to be unexhausted:

9    Grounds 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20 (except to the
     extent based on trial counsel's alleged failure to investigate witnesses Donnelly,
10   Duncan and Catron), 21, 22, 23, 24(2) (except to the extent based on trial counsel's
     alleged failure to call Pam Metzger to testify), 24(3) (except to the extent based on
11   trial counsel's alleged failure to encourage Moe to testify at trial), 24(4), 24(5), 24(6),
     24(7), 24(8), 24(9) (except to the extent based on trial counsel's alleged failure to
12   investigate witnesses Donnelly, Duncan and Catron), 24(10), 24(11), 24(12), 24(13),
     24(14), 24(15), 24(16) (except to the extent based on trial counsel's alleged failure to
13   offer at trial, as evidence, "the advertisement flyer showing sale jackets from Cabela's
     store and [the receipt from] Metzger's gambling tournament at Boomtown"), 24(17),
14   24(18), 24(19), 24(20), 24(21) (except to the extent based on trial counsel's alleged
     failure to "investigate the prosecutor's hearsay remarks regarding Game Stop
15   contacting Cabela's about Pam Metger selling videotapes stolen by Moe"), 24(22)
     (except to the extent based on trial counsel's alleged failure to object to "the
16   prosecutor's hearsay remarks regarding Game Stop contacting Cabela's about Pam
     Metger selling videotapes stolen by Moe," and to offer evidence that one of his prior
17   convictions was the result of a trial at which he was not present), 24(23) (except to the
     extent based on trial counsel's alleged failure to object to "the prosecutor's hearsay
18   remarks regarding Game Stop contacting Cabela's about Pam Metger selling
     videotapes stolen by Moe"), 24(24) (except to the extent based on trial counsel's
19   alleged failure to object to "the prosecutor's hearsay remarks regarding Game Stop
     contacting Cabela's about Pam Metger selling videotapes stolen by Moe"), 24(25),
20   24(26) (except to the extent based on trial counsel's alleged failure to object "when
     the court ordered there were sixteen minutes left to finish the jury trial after the
21   State's case"), 24(27), 24(28), 24(29), 24(30), 24(31), Ground 24(32) (except to the
     extent based on trial counsel's alleged failure to play "the videotape from Cabela's
22   security office to impeach Officer David Robertson's supplemental report," and to
     cross-examine Donnelly, Duncan, and Catron), 25 (except to the extent of Moe's
23   exhausted claims), 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43,
     and 44.

24

25   The court will require the petitioner to make an election regarding his unexhausted claims.  In all

26   other respects, respondents' motion to dismiss is denied.

29

1   **IT IS FURTHER ORDERED** that, with respect to the unexhausted claims in his habeas

2   petition, petitioner must, no later than **July 31, 2015**, make an election.  By that date, petitioner must

3   do one of the following:  (1) file a declaration stating that he wishes to abandon all the claims found

4   by this court to be unexhausted, (2) file a motion for a stay, requesting that this case be stayed while

5   he exhausts his unexhausted claims, or (3) file a declaration stating that he wishes to voluntarily

6   dismiss his entire habeas petition in this case without prejudice.  If petitioner does not make that

7   election within the time allowed, the court will dismiss his entire habeas petition, without prejudice,

8   pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982).

9

10          Dated this 25th day of June, 2015.

11

12                                                    _____

13                                                    UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26