# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL JOHN MOE,

    Petitioner,                                         3:14-cv-00410-RCJ-WGC

vs.

                                          **ORDER**

BRIAN E. WILLIAMS, SR., *et al.*,

    Respondents.

_____/

Introduction

In this habeas corpus action, the petitioner has filed a motion requesting a stay of the action, to allow him to return to state court to exhaust his unexhausted claims. The court will deny that motion. The court will grant the petitioner an opportunity to abandon his unexhausted claims so that this action may proceed with respect to the merits of his exhausted claims.

Background

On May 22, 2009, Moe was convicted, in Nevada's Second Judicial District Court, pursuant to a jury verdict, of one count of burglary. *See* Judgment, Exhibit 39. (The exhibits referred to in this order were filed by respondents, and are located in the record at ECF Nos. 8, 9, 10, 11, 12, and 13.) The burglary involved Moe entering a sporting goods store and shoplifting items from that store. Moe was adjudicated an habitual criminal and sentenced to 10 to 25 years in prison. *See id*.

1    Moe appealed. On appeal he raised two claims, neither of which included any assertion that
2    his federal constitutional rights had been violated. *See* Fast Track Statement, Exhibit 53. The
3    Nevada Supreme Court affirmed Moe's judgment of conviction on November 5, 2009. *See* Order of
4    Affirmance, Exhibit 55.

5    On April 21, 2010, Moe filed a post-conviction petition for writ of habeas corpus in the state
6    district court. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 60. After counsel
7    was appointed for him, Moe filed a supplemental petition on August 7, 2011. *See* Supplemental
8    Petition for Writ of Habeas Corpus, Exhibit 88. Moe subsequently amended his petition. *See* Motion
9    for Leave to Amend, Exhibit 109; Order Granting Motion for Leave to Amend, Exhibit 117. On
10   January 8, 2013, the state district court held an evidentiary hearing. *See* Transcript of Proceedings,
11   January 8, 2013, Exhibit 121. The state district court denied Moe's petition in a written order on
12   April 8, 2013. *See* Findings of Fact, Conclusions of Law and Judgment, Exhibit 124. Moe appealed.
13   On appeal he asserted only claims of ineffective assistance of trial counsel. *See* Fast Track Statement,
14   Exhibit 132. On September 18, 2013, the Nevada Supreme Court affirmed the denial of Moe's
15   petition. *See* Order of Affirmance, Exhibit 138.

16   This court received Moe's *pro se* federal habeas corpus petition on August 6, 2014. *See*
17   Petition for Writ of Habeas Corpus (ECF No. 4). Moe's federal habeas petition includes 44 grounds
18   for relief, some with several subparts. *See id*.

19   On February 17, 2015, respondents filed a motion to dismiss, contending that all Moe's claims
20   are unexhausted in state court. *See* Motion to Dismiss (ECF No. 7). Respondents also argued in
21   their motion to dismiss that all Moe's claims are conclusory and that some of his claims are not
22   cognizable in a federal habeas action. *See id*. In an order entered June 25, 2015, the court ruled that
23   most, but not all, of Moe's claims are unexhausted in state court. *See* Order entered June 25, 2015
24   (ECF No. 20). Specifically, the court ruled that the following claims in Moe's habeas petition are
25   exhausted:
26

2

      Ground 20 (to the extent based on trial counsel's alleged failure to investigate witnesses Donnelly, Duncan and Catron);

      Ground 24(2) (to the extent based on trial counsel's alleged failure to call Pam Metzger to testify);

      Ground 24(3) (to the extent based on trial counsel's alleged failure to encourage Moe to testify at trial);

      Ground 24(9) (to the extent based on trial counsel's alleged failure to investigate witnesses Donnelly, Duncan and Catron);

      Ground 24(16) (to the extent based on trial counsel's alleged failure to offer at trial, as evidence, "the advertisement flyer showing sale jackets from Cabela's store and [the receipt from] Metzger's gambling tournament at Boomtown");

      Ground 24(21) (to the extent based on trial counsel's alleged failure to "investigate the prosecutor's hearsay remarks regarding Game Stop contacting Cabela's about Pam Metzger selling videotapes stolen by Moe");

      Ground 24(22) (to the extent based on trial counsel's alleged failure to object to "the prosecutor's hearsay remarks regarding Game Stop contacting Cabela's about Pam Metzger selling videotapes stolen by Moe," and to offer evidence that one of his prior convictions was the result of a trial at which he was not present);

      Ground 24(23) (to the extent based on trial counsel's alleged failure to object to "the prosecutor's hearsay remarks regarding Game Stop contacting Cabela's about Pam Metzger selling videotapes stolen by Moe");

      Ground 24(24) (to the extent based on trial counsel's alleged failure to object to "the prosecutor's hearsay remarks regarding Game Stop contacting Cabela's about Pam Metzger selling videotapes stolen by Moe");

      Ground 24(26) (to the extent based on trial counsel's alleged failure to object "when the court ordered there were sixteen minutes left to finish the jury trial after the State's case");

      Ground 24(32) (to the extent based on trial counsel's alleged failure to play "the videotape from Cabela's security office to impeach Officer David Robertson's supplemental report," and to cross-examine Donnelly, Duncan, and Catron); and

      Ground 25 (to the extent of Moe's other exhausted claims).

*See id*. at 24-26. The court ruled that the following claims in Moe's habeas petition are unexhausted: Grounds 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20 (except to the extent based on trial counsel's alleged failure to investigate witnesses Donnelly, Duncan and Catron), 21, 22, 23, 24(2) (except to the extent based on trial counsel's alleged failure to call Pam Metzger to testify), 24(3) (except to the extent based on trial counsel's alleged failure to encourage Moe to testify at

3

trial), 24(4), 24(5), 24(6), 24(7), 24(8), 24(9) (except to the extent based on trial counsel's alleged failure to investigate witnesses Donnelly, Duncan and Catron), 24(10), 24(11), 24(12), 24(13), 24(14), 24(15), 24(16) (except to the extent based on trial counsel's alleged failure to offer at trial, as evidence, "the advertisement flyer showing sale jackets from Cabela's store and [the receipt from] Metzger's gambling tournament at Boomtown"), 24(17), 24(18), 24(19), 24(20), 24(21) (except to the extent based on trial counsel's alleged failure to "investigate the prosecutor's hearsay remarks regarding Game Stop contacting Cabela's about Pam Metger selling videotapes stolen by Moe"), 24(22) (except to the extent based on trial counsel's alleged failure to object to "the prosecutor's hearsay remarks regarding Game Stop contacting Cabela's about Pam Metger selling videotapes stolen by Moe," and to offer evidence that one of his prior convictions was the result of a trial at which he was not present), 24(23) (except to the extent based on trial counsel's alleged failure to object to "the prosecutor's hearsay remarks regarding Game Stop contacting Cabela's about Pam Metger selling videotapes stolen by Moe"), 24(24) (except to the extent based on trial counsel's alleged failure to object to "the prosecutor's hearsay remarks regarding Game Stop contacting Cabela's about Pam Metger selling videotapes stolen by Moe"), 24(25), 24(26) (except to the extent based on trial counsel's alleged failure to object "when the court ordered there were sixteen minutes left to finish the jury trial after the State's case"), 24(27), 24(28), 24(29), 24(30), 24(31), Ground 24(32) (except to the extent based on trial counsel's alleged failure to play "the videotape from Cabela's security office to impeach Officer David Robertson's supplemental report," and to cross-examine Donnelly, Duncan, and Catron), 25 (except to the extent of Moe's exhausted claims), 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, and 44. *See id*. The court required Moe to make an election, with respect to his unexhausted claims, to do one of the following: (1) file a declaration stating that he wishes to abandon his unexhausted claims, and proceed, in this action, with the litigation of his exhausted claims; (2) file a motion for a stay, under *Rhines v. Weber*, 544 U.S. 269 (2005), requesting a stay of this action while he exhausts his unexhausted claims in state court; or (3) voluntarily dismiss this entire action, without prejudice. The

4

court will set a schedule for Moe to make that election. *See id*. at 26-28. The court declined to reach respondents' arguments that all Moe's claims are conclusory and that some of his claims are not cognizable in a federal habeas action, determining that those issues will be better addressed in conjunction with consideration of the merits of Moe's claims. *See id*. at 26.

On July 30, 2015, Moe filed his motion for stay (ECF No. 21). Respondents filed an opposition to that motion on August 6, 2015 (ECF No. 22). Moe replied on August 31, 2015 (ECF No. 23).

Discussion

In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court circumscribed the discretion of federal district courts to impose stays to facilitate habeas petitioners' exhaustion of claims in state court. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
> \* \* \*
>
> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Rhines*, 544 U.S. at 277-78; *see also Blake v. Baker*, 745 F.3d 977, 980-81 (9th Cir.2014).

Moe asserts that he is entitled to a stay to exhaust some 74 unexhausted claims and subclaims in state court because his "post-conviction counsel, with intent and purpose, amended [his] original state writ of habeas corpus petition, just before [his] evidentiary hearing, without alerting or wihout permission of [him]." Motion for Stay (ECF No. 21), p. 2. This is Moe's only argument that there was good cause for his failure to exhaust his many unexhausted claims. *See* Reply in Support of

Motion for Stay (ECF No. 23).

The amendment of the state habeas petition that Moe refers to was apparently with leave of the state district court, and it resulted in the addition of two claims to his state petition. *See* Exhibits 109, 117. Moe does not explain how that amendment of his state habeas petition, to add two claims, could show good cause for his failure to exhaust in state court his many unexhausted claims. There is no showing of good cause. Consequently, the court will deny Moe's motion for stay.

As the court found in its June 25, 2015 order, Moe's habeas petition includes both exhausted and unexhausted claims. Under *Rose v. Lundy*, 455 U.S. 509 (1982), such a petition must be dismissed. The court will, however, grant Moe an opportunity to abandon his unexhausted claims. Moe is cautioned that, if he does not file a notice of abandonment of all his unexhausted claims, within the time allowed, this action will be dismissed, nominally "without prejudice," pursuant to *Rose*. Moe is further cautioned that if this action is dismissed, even "without prejudice," he may well be barred by the statute of limitations from initiating any other federal habeas action.

If Moe abandons his unexhausted claims within the time allowed, the court will set a schedule for respondents to answer Moe's exhausted claims, and for Moe to reply to the answer.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Stay (ECF No. 21) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner shall have **45 days** from the entry of this order to file a notice of abandonment of claims, stating that he wishes to abandon all the claims found by the court in its June 25, 2015 order (ECF No. 20) to be unexhausted in state court. If petitioner does not file a notice of abandonment of all his unexhausted claims, within the time allowed, this action will be dismissed, without prejudice, pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982).

DATED: This 2nd day of December, 2015.

_____
UNITED STATES DISTRICT JUDGE