**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MICHAEL JOHN MOE,

    Petitioner,                                                3:14-cv-00410-RCJ-WGC

vs.                                                        **ORDER**

BRIAN E. WILLIAMS, SR., *et al.*,

    Respondents.

_____/

      This is a habeas corpus action, brought *pro se* by Nevada prisoner Michael John Moe. On June 25, 2015, the court ruled on a motion to dismiss filed by the respondents, and in that order found the following claims in Moe's habeas petition to be unexhausted in state court:

      Grounds 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20 (except to the extent based on trial counsel's alleged failure to investigate witnesses Donnelly, Duncan and Catron), 21, 22, 23, 24(2) (except to the extent based on trial counsel's alleged failure to call Pam Metzger to testify), 24(3) (except to the extent based on trial counsel's alleged failure to encourage Moe to testify at trial), 24(4), 24(5), 24(6), 24(7), 24(8), 24(9) (except to the extent based on trial counsel's alleged failure to investigate witnesses Donnelly, Duncan and Catron), 24(10), 24(11), 24(12), 24(13), 24(14), 24(15), 24(16) (except to the extent based on trial counsel's alleged failure to offer at trial, as evidence, "the advertisement flyer showing sale jackets from Cabela's store and [the receipt from] Metzger's gambling tournament at Boomtown"), 24(17), 24(18), 24(19), 24(20), 24(21) (except to the extent based on trial counsel's alleged failure to "investigate the prosecutor's hearsay remarks regarding Game Stop contacting Cabela's about Pam Metger selling videotapes stolen by Moe"), 24(22) (except to the extent based on trial counsel's alleged failure to object to "the prosecutor's hearsay remarks regarding Game Stop contacting Cabela's about Pam Metger selling videotapes stolen by Moe," and to offer evidence that one of his prior convictions was the result of a trial at which he was not present), 24(23) (except to the extent based on trial counsel's alleged failure to object to "the prosecutor's hearsay

remarks regarding Game Stop contacting Cabela's about Pam Metger selling videotapes stolen by Moe"), 24(24) (except to the extent based on trial counsel's alleged failure to object to "the prosecutor's hearsay remarks regarding Game Stop contacting Cabela's about Pam Metger selling videotapes stolen by Moe"), 24(25), 24(26) (except to the extent based on trial counsel's alleged failure to object "when the court ordered there were sixteen minutes left to finish the jury trial after the State's case"), 24(27), 24(28), 24(29), 24(30), 24(31), Ground 24(32) (except to the extent based on trial counsel's alleged failure to play "the videotape from Cabela's security office to impeach Officer David Robertson's supplemental report," and to cross-examine Donnelly, Duncan, and Catron), 25 (except to the extent of Moe's exhausted claims), 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, and 44.

*See* Order entered June 25, 2015 (ECF No. 20). With respect to those claims, the court granted Moe time to make an election to: (1) file a declaration stating that he wishes to abandon all the claims found by this court to be unexhausted, (2) file a motion for a stay, requesting that this case be stayed while he exhausts his unexhausted claims, or (3) file a declaration stating that he wishes to voluntarily dismiss his entire habeas petition in this case without prejudice. *See id*.

On July 30, 2015, Moe filed a motion for stay, requesting a stay of the action, to allow him to return to state court to exhaust his unexhausted claims (ECF No. 21). The court denied that motion on December 2, 2016, ruling that Moe did not show good cause for his failure to exhaust his unexhausted claims in his earlier state-court proceedings. *See* Order entered December 2, 2016 (ECF No. 24). The court granted Moe an opportunity to file a notice of abandonment of claims, stating that he wishes to abandon the unexhausted claims. *See id*. The court warned that if Moe did not file a notice of abandonment of his unexhausted claims within the time allowed, this action would be dismissed, without prejudice, pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982). *See id*. Moe was to file the notice of abandonment of claims by February 29, 2016. *See id*.; *see also* Order entered January 27, 2016 (ECF No. 27).

On March 3, 2016, Moe filed a motion for reconsideration, requesting that the court reconsider its denial of his motion for stay (ECF No. 28). Respondents filed an opposition to the motion for reconsideration on March 7, 2016 (ECF No. 29). And, on March 7, 2016, respondents also filed a motion to dismiss (ECF No. 30), seeking dismissal of this action on account of Moe's

failure to abandon his unexhausted claims. Moe did not timely file a reply in support of his motion for reconsideration or a response to the respondents' motion to dismiss.

The court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient," so long as the court has jurisdiction. *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (emphasis and quotation omitted). Generally, reconsideration of an interlocutory order is appropriate "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010) (quotation omitted); *see also Antonetti v. Skolnik*, No. 3:10-cv-00158-LRH-WCG, 2013 WL 593407, at *1 (D. Nev. Feb. 13, 2013) (stating that this Court applies the Rule 59(e) standard to motions for reconsideration of interlocutory orders). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *In re AgriBioTech, Inc.*, 319 B.R. 207, 209 (D. Nev. 2004).

Moe does not attempt to present newly discovered evidence, and he does not attempt to show that there has been any intervening change in controlling law, regarding his motion for stay.

Furthermore, Moe does not show that, in denying the motion for stay, the court committed clear error, or that its ruling was manifestly unjust. Moe's petition includes more than 70 unexhausted claims. He has not, in his motion for stay, or in his motion for reconsideration, made any argument focusing on any particular unexhausted claim, to show that there was good cause for his failure to exhaust such claim. Rather, he has relied on a completely *pro forma* argument that his state postconviction counsel was ineffective in not presenting all the unexhausted claims. His generalized and unsupported argument that his state post-conviction counsel was ineffective is of no avail. *See Blake v. Baker*, 745 F.3d 977, 983 (9th Cir.) *cert. denied*, 135 S. Ct. 128 (2014) ("a bald assertion" of state postconviction ineffective assistance of counsel does not establish good cause for a stay). The court will deny Moe's motion for reconsideration of the denial of his motion for a stay.

The court will also deny respondents' motion to dismiss. Moe's motion for reconsideration appears to have been signed and served on respondents before the deadline for Moe to abandon his unexhausted claims. Under the circumstances, the court will not impose a forfeiture of Moe's exhausted claims. Rather, the court will set a new deadline for Moe to file a notice of abandonment of his unexhausted claims, so that he may proceed to litigate this action with respect to his exhausted claims.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Reconsideration of Stay and Abeyance (ECF No. 28) is **DENIED**.

**IT IS FURTHER ORDERED** that respondents Motion to Dismiss (ECF No. 30) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner shall have **30 days** from the entry of this order to file a notice of abandonment of claims, stating that he wishes to abandon all the claims found by the court in its June 25, 2015 order (ECF No. 20) to be unexhausted in state court. If petitioner does not file a notice of abandonment of all his unexhausted claims, within the time allowed, this action will be dismissed, without prejudice, pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982).

DATED: This 12th day of April, 2016.

_____
UNITED STATES DISTRICT JUDGE