1

2

3

4

5 **UNITED STATES DISTRICT COURT**

6 **DISTRICT OF NEVADA**

7

8 MICHAEL JOHN MOE,

9       Petitioner,                           3:14-cv-00410-RCJ-WGC

10 vs.

                                       **ORDER**

11 BRIAN E. WILLIAMS, SR., *et al.*,

12       Respondents.

13 _____/

14

15       In this habeas corpus action, brought *pro se* by Nevada prisoner Michael John Moe, on

16 June 25, 2015, the court ruled on a motion to dismiss filed by the respondents, and in that order

17 found the following claims in Moe's habeas petition to be unexhausted in state court:

18       Grounds 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20 (except to
      the extent based on trial counsel's alleged failure to investigate witnesses Donnelly,
19       Duncan and Catron), 21, 22, 23, 24(2) (except to the extent based on trial counsel's
      alleged failure to call Pam Metzger to testify), 24(3) (except to the extent based on
20       trial counsel's alleged failure to encourage Moe to testify at trial), 24(4), 24(5), 24(6),
      24(7), 24(8), 24(9) (except to the extent based on trial counsel's alleged failure to
21       investigate witnesses Donnelly, Duncan and Catron), 24(10), 24(11), 24(12), 24(13),
      24(14), 24(15), 24(16) (except to the extent based on trial counsel's alleged failure to
22       offer at trial, as evidence, "the advertisement flyer showing sale jackets from Cabela's
      store and [the receipt from] Metzger's gambling tournament at Boomtown"), 24(17),
23       24(18), 24(19), 24(20), 24(21) (except to the extent based on trial counsel's alleged
      failure to "investigate the prosecutor's hearsay remarks regarding Game Stop
24       contacting Cabela's about Pam Metger selling videotapes stolen by Moe"), 24(22)
      (except to the extent based on trial counsel's alleged failure to object to "the
25       prosecutor's hearsay remarks regarding Game Stop contacting Cabela's about Pam
      Metger selling videotapes stolen by Moe," and to offer evidence that one of his prior
26       convictions was the result of a trial at which he was not present), 24(23) (except to the
      extent based on trial counsel's alleged failure to object to "the prosecutor's hearsay

1  remarks regarding Game Stop contacting Cabela's about Pam Metger selling
   videotapes stolen by Moe"), 24(24) (except to the extent based on trial counsel's
2  alleged failure to object to "the prosecutor's hearsay remarks regarding Game Stop
   contacting Cabela's about Pam Metger selling videotapes stolen by Moe"), 24(25),
3  24(26) (except to the extent based on trial counsel's alleged failure to object "when
   the court ordered there were sixteen minutes left to finish the jury trial after the State's
4  case"), 24(27), 24(28), 24(29), 24(30), 24(31), Ground 24(32) (except to the extent
   based on trial counsel's alleged failure to play "the videotape from Cabela's security
5  office to impeach Officer David Robertson's supplemental report," and to
   cross-examine Donnelly, Duncan, and Catron), 25 (except to the extent of Moe's
6  exhausted claims), 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42,
   43, and 44.

7

8  *See* Order entered June 25, 2015 (ECF No. 20). With respect to those claims, the court granted Moe

9  time to make an election to: (1) file a declaration stating that he wishes to abandon all the claims

10 found by this court to be unexhausted, (2) file a motion for a stay, requesting that this case be stayed

11 while he exhausts his unexhausted claims, or (3) file a declaration stating that he wishes to voluntarily

12 dismiss his entire habeas petition in this case without prejudice. *See id*.

13 On July 30, 2015, Moe filed a motion for stay, requesting a stay of the action, to allow him to

14 return to state court to exhaust his unexhausted claims (ECF No. 21). The court denied that motion

15 on December 2, 2015, ruling that Moe did not show good cause for his failure to exhaust his

16 unexhausted claims in his earlier state-court proceedings. *See* Order entered December 2, 2015 (ECF

17 No. 24). The court then granted Moe an opportunity to file a notice of abandonment of claims,

18 stating that he wishes to abandon the unexhausted claims. *See id*. The court warned that if Moe did

19 not file a notice of abandonment of his unexhausted claims within the time allowed, this action would

20 be dismissed, without prejudice, pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982). *See id*. Moe was

21 to file the notice of abandonment of claims by February 29, 2016. *See id*.; *see also* Order entered

22 January 27, 2016 (ECF No. 27).

23 On March 3, 2016, Moe filed a motion for reconsideration, requesting that the court

24 reconsider its denial of his motion for stay (ECF No. 28). The court denied that motion in an

25 order entered April 12, 2016 (ECF No. 31). In that order, the court granted Moe more time to file

26 the notice of abandonment of his unexhausted claims.

On May 18, 2016, Moe filed a motion to dismiss the claims found by the court to be unexhausted (ECF No. 32).  The court will grant that motion, and will dismiss Moe's unexhausted claims.

Also on May 18, 2016, Moe filed a motion for leave to amend his petition, to clarify his exhausted claims (ECF No. 33).  On May 31, 2016, respondents filed a response to Moe's motion for leave to amend, pointing out that Moe did not submit, with his motion, his proposed amended petition, as required by Local Rule LR 15-1(a).  The court will set a schedule for petitioner to file his proposed amended petition, for respondents to further respond to the motion for leave to amend, and for Moe to reply.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Dismiss (ECF No. 32) is **GRANTED**.  The following claims in petitioner's habeas corpus petition (ECF No. 4) are dismissed:

Grounds 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20 (except to the extent based on trial counsel's alleged failure to investigate witnesses Donnelly, Duncan and Catron), 21, 22, 23, 24(2) (except to the extent based on trial counsel's alleged failure to call Pam Metzger to testify), 24(3) (except to the extent based on trial counsel's alleged failure to encourage Moe to testify at trial), 24(4), 24(5), 24(6), 24(7), 24(8), 24(9) (except to the extent based on trial counsel's alleged failure to investigate witnesses Donnelly, Duncan and Catron), 24(10), 24(11), 24(12), 24(13), 24(14), 24(15), 24(16) (except to the extent based on trial counsel's alleged failure to offer at trial, as evidence, "the advertisement flyer showing sale jackets from Cabela's store and [the receipt from] Metzger's gambling tournament at Boomtown"), 24(17), 24(18), 24(19), 24(20), 24(21) (except to the extent based on trial counsel's alleged failure to "investigate the prosecutor's hearsay remarks regarding Game Stop contacting Cabela's about Pam Metger selling videotapes stolen by Moe"), 24(22) (except to the extent based on trial counsel's alleged failure to object to "the prosecutor's hearsay remarks regarding Game Stop contacting Cabela's about Pam Metzger selling videotapes stolen by Moe," and to offer evidence that one of his prior convictions was the result of a trial at which he was not present), 24(23) (except to the extent based on trial counsel's alleged failure to object to "the prosecutor's hearsay remarks regarding Game Stop contacting Cabela's about Pam Metzger selling videotapes stolen by Moe"), 24(24) (except to the extent based on trial counsel's alleged failure to object to "the prosecutor's hearsay remarks regarding Game Stop contacting Cabela's about Pam Metzger selling videotapes stolen by Moe"), 24(25), 24(26) (except to the extent based on trial counsel's alleged failure to object "when the court ordered there were sixteen minutes left to finish the jury trial after the State's case"), 24(27), 24(28), 24(29), 24(30), 24(31), Ground 24(32) (except to the extent based on trial counsel's alleged failure to play "the videotape from Cabela's security office to impeach Officer David Robertson's supplemental report," and to cross-examine Donnelly, Duncan, and Catron), 25 (except to the extent of Moe's exhausted claims), 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, and 44.

1    **IT IS FURTHER ORDERED** that petitioner shall, by **August 26, 2016**, file his proposed

2  first amended petition for writ of habeas corpus.  After petitioner files his proposed amended petition,

3  respondents shall have **20 days** to further respond to petitioner's motion for leave to amend.

4  Thereafter, petitioner shall have **20 days** to file a reply regarding his motion for leave to amend.  **The**

5  **court will not look favorably upon any motion to extend this schedule for the further briefing**

6  **of petitioner's motion for leave to amend**.

7

8    Dated this 28th day of June, 2016.

9

10                     _____

                            UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4