**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MICHAEL JOHN MOE,

    Petitioner,                                             3:14-cv-00410-RCJ-WGC

vs.

                                                        **ORDER**

BRIAN E. WILLIAMS, SR., *et al.*,

    Respondents.

_____/

      In this habeas corpus action, brought *pro se* by Nevada prisoner Michael John Moe, the court ruled on June 25, 2015, on a motion to dismiss filed by the respondents, and in that order found the following claims in Moe's habeas petition to be unexhausted in state court:

      Grounds 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20 (except to the extent based on trial counsel's alleged failure to investigate witnesses Donnelly, Duncan and Catron), 21, 22, 23, 24(2) (except to the extent based on trial counsel's alleged failure to call Pam Metzger to testify), 24(3) (except to the extent based on trial counsel's alleged failure to encourage Moe to testify at trial), 24(4), 24(5), 24(6), 24(7), 24(8), 24(9) (except to the extent based on trial counsel's alleged failure to investigate witnesses Donnelly, Duncan and Catron), 24(10), 24(11), 24(12), 24(13), 24(14), 24(15), 24(16) (except to the extent based on trial counsel's alleged failure to offer at trial, as evidence, "the advertisement flyer showing sale jackets from Cabela's store and [the receipt from] Metzger's gambling tournament at Boomtown"), 24(17), 24(18), 24(19), 24(20), 24(21) (except to the extent based on trial counsel's alleged failure to "investigate the prosecutor's hearsay remarks regarding Game Stop contacting Cabela's about Pam Metger selling videotapes stolen by Moe"), 24(22) (except to the extent based on trial counsel's alleged failure to object to "the prosecutor's hearsay remarks regarding Game Stop contacting Cabela's about Pam Metger selling videotapes stolen by Moe," and to offer evidence that one of his prior convictions was the result of a trial at which he was not present), 24(23) (except to the extent based on trial counsel's alleged failure to object to "the prosecutor's hearsay

remarks regarding Game Stop contacting Cabela's about Pam Metger selling videotapes stolen by Moe"), 24(24) (except to the extent based on trial counsel's alleged failure to object to "the prosecutor's hearsay remarks regarding Game Stop contacting Cabela's about Pam Metger selling videotapes stolen by Moe"), 24(25), 24(26) (except to the extent based on trial counsel's alleged failure to object "when the court ordered there were sixteen minutes left to finish the jury trial after the State's case"), 24(27), 24(28), 24(29), 24(30), 24(31), Ground 24(32) (except to the extent based on trial counsel's alleged failure to play "the videotape from Cabela's security office to impeach Officer David Robertson's supplemental report," and to cross-examine Donnelly, Duncan, and Catron), 25 (except to the extent of Moe's exhausted claims), 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, and 44.

*See* Order entered June 25, 2015 (ECF No. 20).  With respect to those claims, the court granted Moe an opportunity to make an election to:  (1) file a declaration stating that he wishes to abandon all the claims found by this court to be unexhausted, (2) file a motion for a stay, requesting that this case be stayed while he exhausts his unexhausted claims, or (3) file a declaration stating that he wishes to voluntarily dismiss his entire habeas petition in this case without prejudice.  *See id*.

On July 30, 2015, Moe filed a motion for stay, requesting a stay of the action, to allow him to return to state court to exhaust his unexhausted claims (ECF No. 21).  The court denied that motion on December 2, 2015, ruling that Moe did not show good cause for his failure to exhaust his unexhausted claims in his earlier state-court proceedings.  *See* Order entered December 2, 2015 (ECF No. 24).  The court then granted Moe an opportunity to file a notice of abandonment of claims, stating that he wishes to abandon the unexhausted claims.  *See id*.; *see also* Order entered January 27, 2016 (ECF No. 27).

On March 3, 2016, Moe filed a motion for reconsideration, requesting that the court reconsider its denial of his motion for stay (ECF No. 28).  The court denied that motion in an order entered April 12, 2016 (ECF No. 31).  In that order, the court granted Moe more time to file a notice of abandonment of his unexhausted claims.

On May 18, 2016, Moe filed a motion to dismiss the claims found by the court to be unexhausted (ECF No. 32).  The court granted that motion on June 28, 2016, and dismissed Moe's unexhausted claims.  *See* Order entered June 28, 2016 (ECF No. 35).

1	Also on May 18, 2016, Moe filed a motion for leave to amend his habeas petition, stating that
2 he wished to amend to clarify his exhausted claims (ECF No. 33).  On May 31, 2016, respondents
3 filed a response to Moe's motion for leave to amend, pointing out that Moe did not submit, with his
4 motion, his proposed amended petition, as required by Local Rule LR 15-1(a).  In its June 28, 2016,
5 order, the court set a schedule for petitioner to file his proposed amended petition, for respondents to
6 further respond to the motion for leave to amend, and for Moe to reply.  Moe filed his proposed first
7 amended petition on September 30, 2016 (ECF No. 38).  Respondents then, on October 6, 2016,
8 filed a further opposition to Moe's motion for leave to amend (ECF No. 39).  Moe replied on
9 October 31, 2016 (ECF No. 40).  Therefore, the motion for leave to amend is now fully briefed and
10 before the court.

11	Moe's proposed amended petition is improper in that it is incomplete in and of itself, and
12 depends on reference to, and incorporation of, material in his original petition.  *See* LR 15-1(a)
13 ("The proposed amended pleading must be complete in and of itself without reference to the
14 superseded pleading....").

15	Also, it is apparent from the proposed amended petition, and from Moe's argument regarding
16 it, that amendment is unnecessary.  As Moe acknowledges in his reply in support of his motion for
17 leave to amend, "Petitioner makes no attempt to change any claims."  Reply in Support of Motion for
18 Leave to Amend (ECF No. 40), p. 2.  Rather, Moe seeks "only to clarify and supply the supporting
19 facts and evidence to Petitioner's claims that were deemed exhausted by this Court."  *Id*.  The
20 proposed amended petition filed by Moe is in the nature of a memorandum of argument in support of
21 his exhausted claims.  Moe need not amend his petition in order to proffer such argument.

22	The court will deny Moe's motion for leave to amend his habeas petition.  However, the
23 court will consider the argument made in Moe's proposed amended petition (ECF No. 38), with
24 respect to the merits of his exhausted claims.

25	Further, the court will now set a schedule for respondents to file an answer responding to
26 Moe's exhausted claims, and for Moe to reply.

1     **IT IS THEREFORE ORDERED** that petitioner's Motion for Leave to Amend (ECF No. 33) is **DENIED**.

    **IT IS FURTHER ORDERED** that the court will treat Moe's proposed amended petition (ECF No. 38) as argument in support of the exhausted claims in his habeas petition, and will consider that argument with regard to the merits of those claims.

    **IT IS FURTHER ORDERED** that respondents shall, within **60 days** from the date of this order, file an answer responding to the claims in petitioner's habeas corpus petition that the court has found to be exhausted in state court.  Thereafter, petitioner will have **60 days** to reply.  The court will not look favorably upon any motion to extend this briefing schedule.

    Dated this __12th__ day of ~~November~~ December, 2016.

    _____
    UNITED STATES DISTRICT JUDGE